1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM LOPEZ,<br><br>     Petitioner,<br><br>  v.<br><br>JIM MCDONALD, Warden,<br><br>     Respondent. | Case No. ED CV 12-1965 PSG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, Petitioner's Request for Appointment of Counsel, and the remaining record, and has made a *de novo* determination.

  Petitioner's Objections generally reiterate the arguments made in the Petition and Opposition, and lack merit for the reasons set forth in the Report and Recommendation.

  There are two issues, however, that warrant brief amplification here.

  First, Petitioner claims in his Objections that he did not timely appeal his conviction because his attorney "failed to respond" to his inquiries about his appeal. (Obj. at 2.) "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief . . . if he made a timely

1

1  request of his trial attorney to file a notice of appeal[,] or if the attorney made a

2  timely promise to file a notice of appeal." *People v. Sanchez*, 1 Cal. 3d 496, 500

3  (1969). Petitioner, however, provides no evidence that he asked his attorney to file

4  an appeal, or that his attorney made a promise to do so. Thus, on this record,

5  Petitioner is not entitled to relief for his late notice of appeal.

6        Second, to the extent Petitioner suggests that his multiple prison transfers

7  warrant equitable tolling, Petitioner is wrong. (Obj. at 2, Ex. C.) "In general, the

8  difficulties attendant on prison life, such as transfers between facilities . . . and an

9  inability to secure court documents, do not by themselves qualify as extraordinary

10  circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005).

11  Moreover, it is Petitioner's burden to establish equitable tolling, *Miranda v.*

12  *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and he fails to show or otherwise

13  explain *how* his lack of access to his legal materials made it virtually impossible

14  for him to timely file a federal habeas petition.

15        Furthermore, Petitioner's request for counsel is denied. The Court finds that

16  appointment of counsel is not necessary to avoid due process violations in the

17  instant action. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986)

18  ("[T]he sixth amendment right to counsel does not apply in habeas corpus

19  actions."); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) ("Indigent state

20  prisoners applying for habeas corpus relief are not entitled to appointed counsel

21  unless the circumstances of a particular case indicate that appointed counsel is

22  necessary to prevent due process violations."). Further, Petitioner has not shown

23  that he has been unable to articulate his positions because of the complexity of the

24  claims. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (observing that

25  the decision to appoint counsel turns on petitioner's ability to articulate claims in

26  light of the complexity of the issues and the likelihood of success on the merits).

27  / / /

28  / / /

2

1  Accordingly, IT IS ORDERED THAT:

2  1.      The Report and Recommendation is approved and accepted;

3  2.      Judgment be entered denying the Petition and dismissing this action

4          with prejudice; and

5  3.      The Clerk serve copies of this Order on the parties.

6  Additionally, for the reasons stated in the Report and Recommendation, the

7  Court finds that Petitioner has not made a substantial showing of the denial of a

8  constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v.*

9  *Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate

10 of appealability.

11

12 DATED: __April 23, 2013_____

13 _____

14

15                         HON. PHILIP S. GUTIERREZ
                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

3